UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority Send ✓
Enter
Closed
JS-5/JS-6 ✓
JS-2/JS-3
Scan Only

Case No. CV03-2497 AHM (Ex)                               Dated: May 12, 2003

Title:   Greene v. Avaya, Inc., et al.
===============================================================
DOCKET ENTRY
===============================================================

PRESENT: **THE HONORABLE A. HOWARD MATZ, JUDGE**

Stephen Montes                                NONE
Courtroom Clerk                               Court Reporter

ENTERED
CLERK, U.S DISTRICT COURT
05-12-03
MAY 1 2 2003
CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

ATTORNEYS PRESENT FOR PLAINTIFFS:             ATTORNEYS PRESENT FOR DEFENDANTS:

                                  No Appearance

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

PROCEEDINGS:   In Chambers

Plaintiff Mikki Greene filed this action in Los Angeles Superior Court on February 6, 2003. In her complaint, Greene alleges eight state law causes of action. Greene's first six claims, pled against Avaya alone, are for breach of contract, breach of the covenant of good faith and fair dealing, an accounting, wrongful termination in violation of Cal. Gov. Code § 12653, intentional misrepresentation and negligent misrepresentation. Greene's seventh and eighth claims, pled against both defendants, are for intentional and negligent infliction of emotional distress ("IIED" and "NIED," respectively).

Avaya removed this case to federal court on April 9, 2003. Avaya contends that Greene's claims fall within this Court's diversity jurisdiction because Greene and Avaya are of diverse citizenship and because Defendant Sevier is a "sham" defendant whose citizenship should be disregarded. Notice of Removal ("NOR") ¶¶ 6-8. Greene filed a timely

13

response to Avaya's sham defendant allegations, and this matter is now fully briefed.[1]

For the reasons given below, the Court finds that Avaya's removal was improper and that this case must be remanded to state court.

## ANALYSIS

### I.  Legal Standard

Removal statutes are strictly construed, and all doubts are resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). As the removing party, Avaya bears the burden of establishing the Court's jurisdiction. *Id.*

Avaya's burden is a particularly heavy one here because the standard for establishing sham or fraudulent joinder is "rather high." *Continental Ins. Co. v. Foss Maritime Co.*, 2002 WL 31414315, *5 (N.D. Cal.) (Jenkins, J.). A defendant will be deemed fraudulently joined only "if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Soo v. United Parcel Service, Inc.*, 73 F.Supp.2d 1126, 1128 (N.D. Cal. 1999) (citation and internal quotation marks omitted). "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is any possibility that they may do so." *Continental*, 2002 WL 31414315, *6. *See also Bellecci v. GTE Sprint Communications Corp.*, 2003 WL 151538, *3-4 (N.D. Cal.).

---

[1] On May 1, 2003, Avaya filed an "Objection and Response" to Greene's filing. The Court's April 14, 2003 minute order did not permit such a response, but the Court nonetheless has considered all of Avaya's arguments in support of removal.

## II. Plaintiff's IIED Claim: Sevier is Not a Sham Defendant

Avaya has not met its burden of establishing that Sevier is a sham defendant with respect to Plaintiff's IIED claim.[2]

Avaya first argues that Greene's IIED claim fails as a matter of law because Greene does not allege conduct sufficiently outrageous to make out a valid claim. Avaya is correct to point out that merely terminating an employee "is not alone sufficient to satisfy the standard for extreme and outrageous conduct." *Gibson v. American Airlines*, 1996 WL 329632 (N.D. Cal.) (holding defendant not fraudulently joined with respect to IIED claim) (citing *Pitman v. City of Oakland*, 197 Cal.App.3d 1037, 1047 (1988)). Indeed, Greene may face something of an uphill battle with respect to her IIED claim. *See Schneider v. TRW, Inc.*, 938 F.2d 986, 992-93 (9th Cir. 1991) (two incidents of "yell[ing] and scream[ing]" could not support a valid IIED claim, even when one of the incidents involved "gestures [the plaintiff] interpreted as threatening."); *Cochran v. Cochran*, 65 Cal.App.4th 488 (1998) (sustaining demurrer to IIED claim based on telephone message plaintiffs perceived as threatening). But serious threats to physical safety have been held sufficient to support an IIED claim, and Greene alleges that Sevier said he had a grudge against her, that his conduct was threatening, and that it caused her to fear for her personal safety. Compl. ¶¶ 22, 75. *See Kiseskey v. Carpenters' Trust*, 144 Cal.App.3d 222, 229 (1983); *Newby v. Alto Riviera Apartments*, 60 Cal.App.3d 288, 297-98 (1976), *disapproved on other grounds by Marina Point, Ltd. v. Wolfson*, 30 Cal.3d 721, 740 n.9 (1982).

Perceived threats will not be sufficient to make out a valid IIED

---

[2]The Court need not go on to consider the validity of Plaintiff's additional NIED claim against Sevier.

where they are equivalent only to "annoyances, petty oppressions, or other trivialities," *Cochran*, 65 Cal.App.4th at 496, but that is not clearly the case here and it cannot be said that there is no possibility Greene will prevail on her claim against Sevier.[3]

Avaya also argues that Plaintiff's IIED claim is barred by the exclusivity provisions of California's Workers' Compensation Laws. But in both *Fermino v. Fedco, Inc.*, 7 Cal.4th 701 (1994) and *Livitsanos v. Superior Court*, 2 Cal.4th 744 (1992), the California Supreme Court recognized limits to the exclusivity doctrine. Employees may still state valid tort claims based on conduct that has "no proper place in the employment relationship," *Fermino*, 7 Cal.4th at 717, either because that conduct "contravenes fundamental public policy" or because it "exceeds the inherent risks of the employment." *Livitsanos*, 2 Cal.4th at 1203 (remanding for determination whether demurrers to NIED and IIED claims were improperly sustained). Here, Plaintiff's allegations, if proved, may bring her claims within these exceptions. Seriously threatening conduct could exceed the "inherent risks of employment," and Sevier's actions, if responsive to Plaintiff's reporting of false claims, also may "contravene[]

---

[3] Avaya also relies on *Sheppard v. Freeman*, 67 Cal.App.4th 339 (1998), as support for its position. *Sheppard* does include broad language to the effect that "employees . . . cannot be individually liable for their acts or words relating to personnel actions unless such liability arises from statute." 67 Cal. App. 4th at 347. But this Court finds *Sheppard* unpersuasive for the reasons compellingly set out by Judge Pregerson in *Graw v. Los Angeles County Metropolitan Transporation Authority*, 52 F.Supp.2d 1152, 1155-60 (C.D. Cal. 1999). *See also Davis v. Prentiss Properties Limited, Inc.*, 66 F.Supp.2d 1112, 1117 (C.D. Cal. 1999) (*Sheppard* insufficient basis for finding fraudulent joiner).

4

fundamental public policy."[4]

For these reasons, Avaya has failed to meet is burden of establishing that Sevier is a sham defendant.

## CONCLUSION

This action is hereby REMANDED to Los Angeles Superior Court.

The Court declines to award fees and costs pursuant to 28 U.S.C. § 1447(c). Although ultimately unsuccessful, Avaya did make a colorable showing in support of removal.

IT IS SO ORDERED.

MINUTES FORM 11                                Initials of Deputy Clerk _SMW_
CIVIL - GEN

---

[4] The Court does not find Plaintiff's boilerplate allegations that Sevier was acting "within the purposes and scope" of his employment to be fatal to such claims, Compl. ¶ 6, and Avaya points to no authority for its contrary position.

5